IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-71-GPM |
| | ) |
| ASTRAZENECA PHARMACEUTICALS, L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court for an initial review. The Court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

In this case, Plaintiff seeks to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179

(1936).

The first problem is that Plaintiff has only alleged that he is a resident of Illinois. (*See* Doc. 3, para. 3.) Because federal courts have jurisdiction over citizens of different states, a complaint must allege the *citizenship* of each party, not the residence. *Held v. Held*, 137 F.3d 998 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Plaintiff must identify his *citizenship*.

The Court is also concerned that the defendant is named "Astrazeneca Pharmaceuticals, LP". Plaintiff alleges that this entity is a Delaware corporation with its principal place of business in Delaware. The designation "LP", however, suggests that this party may, in fact, be a limited partnership.

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited

liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships, are treated as citizens of every state of which any partner or member is a citizen. *Id*. at 316-17. If "Astrazeneca Pharmaceuticals, LP" is in fact a limited partnership, the Court must know the citizenship of each of its members.

Finally, the Court is satisfied that the amount in controversy requirement is met, because it does not appear to a legal certainty that the claims are really for less than the jurisdictional amount. *See Smith v. American General Life and Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall, on or before **March 6, 2006**, file a second amended complaint that properly invokes the Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

    DATED:  02/07/06

                                            s/ G. Patrick Murphy  
                                            G. PATRICK MURPHY  
                                            Chief United States District Judge